1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| MARIO CARRILLO,<br><br>                                    Plaintiff,<br><br>              v.<br><br>LOWE'S HIW, INC. and DOES 1 to 25,<br>inclusive,<br><br>                                 Defendants. | Civil No.    10cv1603-MMA (CAB)<br><br>**DISCOVERY ORDER GRANTING DEFENDANT'S MOTION TO LIMIT TESTIMONY OF PLAINTIFF'S DESIGNATED EXPERTS** |

17
18
19
20
21
22
23
24

     Before the Court is defendant Lowe's HIW Inc.'s ("Lowe's") motion to preclude plaintiff Mario Carrillo ("Carrillo") from offering expert witness testimony, or in the alternative limit the testimony of the plaintiff's designated experts. [Doc. No. 26.] Carrillo filed an opposition. [Doc. No. 32.] Lowe's filed a reply. [Doc. No. 38.] On June 9, 2011, the matter was referred by the District Judge, the Honorable Michael M. Anello, to the undersigned for determination. [Doc. No. 27.] The Court held a telephonic hearing on the motion on June 28, 2011.  Charles Viviano, Esq., appeared for plaintiff Carrillo.  Gene Sharaga, Esq., appeared for defendant Lowe's.  Having considered the submissions of the parties and the arguments of counsel, the motion is **GRANTED**.

25
26
27
28

     This is a personal injury case asserting premises liability and negligence.  Plaintiff Carrillo alleges he was injured while on defendant's premises; specifically, he was using defendant's restroom and slid and fell from the toilet because the seat was not properly secured.  He alleges injuries to his back, right shoulder, right arm, right leg, right foot, groin and penis. [Doc. No. 26-1 at 2; Doc. No. 32 at

2.]

On November 3, 2010, the Court entered a Case Management Order setting forth, among other things, dates by which the parties were to exchange information regarding expert witnesses expected to be called at trial and dates by which the experts' reports or disclosures were to be exchanged.  [Doc. No. 14 at ¶¶ 2, 3.] The identification of expert witnesses was due April 8, 2011.  The required written reports or disclosures were due May 9, 2011.  With regard to the exchange of written reports or disclosures, because they were due after December 1, 2010, the order specifically referenced Fed. R. Civ. P. 26(a)(2)(B)-(C), *as amended on December 1, 2010* [*id.* at ¶3, (emphasis in the original)], to highlight the new requirement under Rule 26[1] regarding expert reports.  As of December 1, 2010, parties are required to disclose a summary of the facts and opinions to be presented at trial by non-retained expert witnesses who are not required to provide expert reports under Rule 26(a)(2)(B).  *See* Rule 26(a)(2)(C).

On April 14, 2011, plaintiff served his expert witness disclosures pursuant to Rule. 26(a)(2)(A), designating Veerinder S. Anand, M.D., and Danny Keiller, M.D., as "retained" expert witnesses expected to be called at trial. [Doc. No. 26-2, Ex. 1.] Drs. Anand and Keiller are physicians who treated plaintiff after his accident at Lowe's.  Each was identified and described as expected to testify and opine regarding:

> the treatment and diagnostic tests given, the results of same, his review of medical bills incurred as a result of the accident and the reasonableness of those bills, and his opinion as to the plaintiff's past, current and future medical condition.

[Id.]

Plaintiff states in his disclosure that reports containing the information required by Rule 26(a)(2)(B)-(C) will be provided no later than May 9, 2011 in accordance with this Court's order. [*Id.* at 3.] On May 9, 2011, plaintiff served neither a written report pursuant to Rule 26(a)(2)(B), or a written disclosure pursuant to Rule 26(a)(2)(C) for either designated expert as required by the Federal Rules of Civil Procedure and this Court's order.  As of the hearing on this motion, plaintiff has not provided any report or disclosure for these expert witnesses. [Doc. No. 32 at 4.]

Lowe's moves to preclude the plaintiff's witnesses from providing expert opinions at trial due to plaintiff's failure to comply with the requirements of Rule 26 and this Court's scheduling order.  Lowe's

---

[1]All cites to "Rule[s]" refer to the Federal Rules of Civil Procedure unless otherwise noted.

1    cites to this Court's order, which states that "any party that fails to make [Rule 26(a)(2)(A)-(C)]

2    disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not

3    disclosed at any hearing or at the time of trial." [Doc. No. 14.]  Lowe's argues that plaintiff's designations

4    were untimely, and moreover plaintiff served no reports or disclosures at all.  Lowe's contends there is

5    no substantial justification for plaintiff's failure to comply with the Rules and this Court's order.

6         Plaintiff acknowledges that his expert witness designation was a week late, however argues that

7    Lowe's has not identified any prejudice it suffered as a result of the untimely service.  Counsel for

8    Carrillo represents that the delayed service was to due to her error in calendaring the correct date. [Doc.

9    No. 32-1, at ¶¶13-14.] The plaintiff asks to be excused from that error.  Finding no prejudice to

10   defendant, particularly in light to the fact that the late-designated experts were known to defendant as the

11   plaintiff's treating physicians, the Court denies defendant's motion on the basis that the plaintiff's Rule

12   26(a)(2)(A) designations were untimely.

13        With regard to the service of written reports, required by Rule 26(a)(2)(B), plaintiff argues that

14   although designated as "retained" experts, plaintiff's two designated experts are not in fact "retained" as

15   contemplated by Rule 26(a)(2)(B) in that they are not "one retained or specially employed to provide

16   expert testimony in the case," and are not therefore subject to having to provide a written report as set

17   forth in Rule 26(a)(2)(B).  Plaintiff argues that his experts as treating physicians are experts who will

18   offer opinions based on their treatment of the plaintiff and not from extrinsic information provided to

19   them beyond their treatment records and are therefore exempt from requirements of Rule 26(a)(2)(B).

20   [Doc. No. 32, at 6-7.]  *See Goodman v. Staples the Office Superstore, LLC.*, No. 10-15021, 2011 WL

21   1651246, at *6 (9th Cir. (Ariz.) May 3, 2011), *citing*  Fed.R.Civ.P. 26(a)(2) advisory committee's note

22   (1993)(a treating physician is a percipient witness of the treatment he rendered - and therefore he is not

23   subject to the written report requirement.)

24        Defendant argues that plaintiff designated the treating physicians as "retained" experts and

25   therefore they are subject to the requirement to provide written reports.  Defendant also cites to

26   *Goodman*, 2011 WL 1651246, at *8, in which the court held that if a treating physician is retained to

27   render expert opinions beyond the scope of the treatment rendered, a Rule 26 report is required.

28   Because plaintiff indicated that the two doctors were "retained" experts, to the extent they would offer

10cv1603

1  opinions beyond the scope of the treatment rendered to plaintiff, written reports should have been

2  provided.  Having failed to do so, defendant argues plaintiff should be precluded from soliciting opinion

3  testimony from his designated experts.

4       As of December 1, 2010, the Federal Rules addressed this issue of non-retained experts and Rule

5  26's requirements for written reports by experts.  The Rule was amended to require parties to disclose "a

6  summary of the facts and opinions to be presented at trial" by non-retained expert witnesses who are not

7  required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)C was added to "mandate

8  summary disclosures of the opinions to be offered by expert witnesses who are not required to provide

9  reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed.R.Civ.P. 26(a)(2)(C)

10  advisory committee's notes (2010).  The Amendment Notes specifically reference physicians who may

11  testify as a fact witness and provide expert testimony, and requires parties to identify such witnesses

12  under Rule 26(a)(2)(A) and provide the disclosure under Rule 26(a)(2)(C).

13       Plaintiff was fully aware of this rule amendment.  It was highlighted in the Court's scheduling

14  order, and plaintiff cites to the Advisory Committee's Notes regarding the amendment of Rule 26 in his

15  opposition brief. [Doc. No. 32 at 6.]

16       The plaintiff failed to provide a written report or a written disclosure for either of his designated

17  experts, in compliance with the Court's order and Rule 26.  Plaintiff's treating physicians may therefore

18  testify as percipient witnesses regarding the treatment they rendered to plaintiff, including the plaintiff's

19  presentment of symptoms, their diagnoses, the treatment they provided plaintiff, and the medical bills

20  incurred for their treatment.

21       The witnesses are, however, precluded from offering opinions as to causation, and the plaintiff's

22  future medical condition, the reasonableness of the medical expenses incurred, the expenses for future

23  medical treatment, and any other opinions beyond the treatment they rendered to plaintiff.  Such

24  testimony was subject to the disclosure requirements of Rule 26(a)(2)(C), and having failed to provide

25  defendant with a summary of those opinions and the facts supporting those opinions, defendant would be

26  unduly prejudiced to allow such testimony at trial or in any other proceeding.

27  /

28  /

10cv1603

/

The defendant's motion is **GRANTED** as set forth above.

DATED:  June 29, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

10cv1603